IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | | |
|---|---|---|
| JAMES-AUSTIN ENGLETT | ) | |
| | ) | |
| v. | ) | NO. 1:23-cv-00007 |
| | ) | |
| CHRISTIAN ROCK *et al.* | ) | |

**TO:** Honorable William J. Campbell, Jr., United States District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered February 9, 2023 (Docket Entry No. 6), this *pro se* civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 18) filed by Defendants Christian Rock and Giles County, Tennessee. Plaintiff opposes the motion. (Docket Entry No. 21.) For the reasons set out below, the undersigned respectfully recommends that the motion to dismiss be granted and that this action be dismissed.

### I.  BACKGROUND[1]

James-Austin Englett ("Plaintiff") is a resident of Lawrenceburg, Tennessee. On the afternoon of January 22, 2023, he was driving a car on a highway in Pulaski, Tennessee when he was stopped by Giles County Sheriff's Deputy Christian Rock ("Rock") for having an expired license plate. *See* Complaint (Docket Entry No. 1) at 7. Upon being questioned by Rock, Plaintiff explained that a mechanic had accidently left the license plate on the car but that he [Plaintiff] "did

---

[1] The background facts are summarized from the allegations contained in Plaintiff's pleadings.

not take part [in] the voluntary act of registering vehicles to the state as [he] operate[s] privately as opposed to publicly/commercially." *Id*. at 7. Rock then asked Plaintiff for his driver's license, to which Plaintiff responded, "I have a driver's license card I carry for identification purposes but that I have no standing contract with the DMV or the dept. of homeland security." *Id*. at 8. Because Plaintiff's son was in the car, Rock detained Plaintiff until such time as the mother of Plaintiff's son could travel to the scene and pick up the child. *Id*. Rock then arrested Plaintiff for the traffic offenses, searched him, placed him handcuffs, and transported him to the Giles County Jail where Plaintiff was fingerprinted and "booked" before being released. *Id*. Although what occurred next is not clearly explained by Plaintiff in his pleadings, it appears that he was released upon payment of a monetary bond. *Id.* at 4-5.

Shortly thereafter, Plaintiff filed this *pro se* lawsuit against Rock and Giles, County Tennessee ("Giles County") on January 31, 2023. Seeking monetary relief, Plaintiff alleges that he was falsely arrested and imprisoned in violation of his Fourth Amendment rights. *Id*. at 3, 5, and 9. He further alleges that he "suffered a series of assaults and batteries upon his person," by his arrest, handcuffing, imprisonment, physical search, forced fingerprinting, booking, and "harassment." *Id* at 9. Plaintiff contends that Rock did not have an arrest warrant for Plaintiff's arrest, that Rock did not witness Plaintiff committing a felony or a breach of the peace, and that Rock had no lawful grounds upon which to arrest him and take him into custody for violations of misdemeanor traffic offenses.

In a subsequently filed amended complaint, Plaintiff increases his damages request and clarifies that he sues Defendant Rock in his individual capacity. *See* Amended Complaint (Docket Entry Non. 17). The amended complaint does not include the factual allegations that were included in the original complaint and sets out the following factual allegations:

2

> On or about January 22, 2023, Plaintiff while driving a 2005 Chevrolet automobile on State of Tennessee street. Plaintiff was arrested and ordered to obtain a Driver's License and [an] automobile License.

*Id*. at 3.[2] Although Plaintiff includes in the amended complaint an assortment of new, alleged legal wrongdoings,[3] his lawsuit remains centered around the traffic stop and arrest by Defendant Rock.

## II. MOTION TO DISMISS AND RESPONSE

Defendants seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. They first contend that Plaintiff's amended compliant supplants his original complaint but that the amended complaint includes such minimal factual allegations that it does not state claims for relief. They next argue that Plaintiff fails to articulate a plausible Fourth Amendment claim against Defendant Rock and fails to set out a factual or legal basis supporting a plausible claim of constitutional liability against Giles County. Finally, Defendants contend that they are entitled to governmental, absolute, and/or qualified immunity from liability and that any state laws claims raised by Plaintiff are not supported by the alleged facts. *See* Memorandum in Support (Docket Entry No. 19) at 4-5.

Plaintiff responds in opposition to the motion to dismiss, arguing that he was arrested for non-arrestable citations and that "the supreme law states that at common law arrests for

---
[2] For reasons that are unclear to the Court, the amended complaint also includes factual allegations about events that occurred in 2022 in Georgia and that do not appear to have any connection to this lawsuit. *See* Amended Complaint at 3.

[3] For example, Plaintiff: (1) asserts that Defendants violated their oaths of office; (2) refers to two federal criminal statutes and 42 U.S.C. § 1985; (3) posits that "Federal Reserve notes are not backed by silver and gold' and that a driver's license is a "title of nobility" that cannot be mandated by the State; (4) alleges that a conspiracy existed to violate his civil rights; (5) alleges that he suffered violations of his rights under the Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments; and, (6) contends that Article I, Section 10 of the Constitution has been violated. *See* Amended Complaint at 2-7.

misdemeanors are not permissible without a warrant except for acts committed in the presence of the officer causing a breach of the peace." *See* Response in Opposition (Docket Entry No. 21).

### III. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is a *pro se* litigant, the Court is also required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the alleged facts must provide Amore than a sheer possibility that a defendant has acted unlawfully. *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well-pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). The complaint will not suffice if it tenders assertion[s] devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### IV. ANALYSIS

The motion to dismiss should be granted. Plaintiff's allegations simply fail to support a

plausible claim that his constitutional rights were violated.

## A. Plaintiff's Pleadings

Defendants initially contend that Plaintiff's amended complaint supplanted and replaced his original complaint and became the operative complaint once it was filed. They argue that the amended complaint fails to state claims for relief because it contains virtually no supporting factual allegations and does not meet even minimal pleading standards. *See* Memorandum in Support at 4-5.

While Defendants are correct that the filing of an amended complaint normally supplants and replaces a prior complaint, this rule must be viewed with some liberality given that Plaintiff is proceeding *pro se*. In the interests of justice, the Court reviews the amended complaint in conjunction with the original complaint and views the factual allegations that are set out in the original complaint as incorporated into Plaintiff's amended complaint.

## B. Fourth Amendment Claim

The factual allegations set out in Plaintiff's pleadings are not sufficient to support a plausible claim that he was arrested in violation of his Fourth Amendment rights. Defendants are entitled to dismissal of Plaintiff's 42 U.S.C. § 1983 claim that his Fourth Amendment rights were violated.

The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. Amend. IV. "An ordinary traffic stop by a police officer is a 'seizure' within the meaning of the Fourth Amendment." *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008). To qualify as a reasonable seizure that comports with the Fourth Amendment, the traffic stop must be supported (1) by probable cause to believe a civil traffic violation occurred or (2) by reasonable

suspicion of ongoing criminal activity. *United States v. Collazo*, 818 F.3d 247, 253-54 (6th Cir. 2016)

Because Plaintiff acknowledges that he was driving his car without a valid license plate/tags, it is beyond question that Defendant Rock was permitted to stop Plaintiff since a valid license plate/tags is required by Tennessee law. *See Whren v. United States*, 517 U.S. 806, 810 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred"); *United States v. Bell*, 555 F.3d 535, 539 (6th Cir. 2009) ("[a]n officer may stop and detain a motorist so long as the officer has probable cause to believe that the motorist has violated a traffic law."); *United States v. Martin*, 2020 WL 5877138, at *5 (M.D.Tenn. Oct. 2, 2020) (officer had probable cause to stop vehicle after observing that the vehicle had expired tags).

Because certain inquiries are viewed as incident to a traffic stop, Defendant Rock was likewise permitted to verify Plaintiff's identity and his driver's license and to determine whether there were outstanding warrants against him. *See Rodriguez v. United States*, 575 U.S. 348, 355 (2015); *United States v. Smith*, 601 F.3d 530, 542 (6th Cir. 2010). Although it is not clear from Plaintiff's allegations whether he (1) did not have a driver's license in his possession or (2) did not have valid driver's license in his possession, he does not allege that he provided a valid driver's license to Defendant Rock and the clear import of his allegations is that he believes that he is not required to have a valid driver's license. When Plaintiff failed to produce a valid driver's license upon questioning by Defendant Rock, probable cause existed for Rock to believe that Plaintiff had committed a second criminal offense because Tennessee law requires drivers to

3

have in their possession a valid driver's license and to produce the valid license upon request of a law enforcement officer. *See* Tenn. Code. Ann. §§ 55-50-301, 55-50-351, and 55-50-601.

The underlying premise for Plaintiff's lawsuit - that he could not be lawfully subjected to a warrantless arrest by Defendant Rock for only traffic violations is based upon a misunderstanding of the protections afforded by the Fourth Amendment. While it is well settled that the Fourth Amendment requires that probable cause exist to support the arrest of an individual, the Supreme Court has repeatedly reiterated that the Fourth Amendment does not require that an arrest be accompanied by an arrest warrant. *Virginia v. Moore*, 553 U.S. 164, 176 (2008); *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979); *United States v. Watson*, 423 U.S. 411, 414-24 (1976). *See also Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988) (discussion of constitutionality of warrantless arrests for probable cause). If there is probable cause for a law enforcement officer to believe that an individual has committed or is committing an offense, the Fourth Amendment permits an arrest without a warrant. *Michigan*, *supra*; *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

This is so even if the suspect is later acquitted of the offense for which he was arrested. *Michigan, supra* ("The validity of the arrest does not depend on whether the suspect actually committed a crime."). This is so even if the arrest is for a minor violation. *Atwater*, *supra* ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."). And this is so even if the arrest does not conform with state law. *Virginia*, 553 U.S. at 172-74 (warrantless arrest based on probable cause satisfies the Constitution even when states go above the Fourth Amendment minimum).

The import of these holdings is that Plaintiff fails to present a viable Fourth Amendment claim under Section 1983. Because the Fourth Amendment permits a warrantless arrest for any criminal offense, even minor criminal offenses such a traffic misdemeanor, *see Atwater*, 532 U.S. at 323, Defendant Rock did not violate Plaintiff's Fourth Amendment rights by arresting and taking him into custody since Rock had probable cause to believe that Plaintiff had violated at least two laws pertaining to traffic safety. *See U.S. v. Burton*, 334 F.3d 514, 518 (6th Cir. 2003) ("The Fourth Amendment permits a police officer to effect a custodial arrest of someone for a misdemeanor parking violation, even though the offense is not one that permits the violator's arrest under state law."). While Plaintiff disagrees that his custodial arrest was justified under the circumstances, he has presented no facts supporting a claim that he was arrested in violation of the Fourth Amendment.[4]

Plaintiff further claims that he was subjected to an assault and battery and to false imprisonment by Defendant Rock when Plaintiff was seized and taken to the jail for booking. However, these claims are entirely based upon acts related to his custodial arrest, which the Court finds did not violate the Fourth Amendment. Plaintiff alleges no facts that support claims

---

[4] Defendant Rock also raises the defense of qualified immunity, which protects government officials from civil damages unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time. *Reich v. City of Elizabethtown, Ky.*, 945 F.3d 968, 977 (6th Cir. 2019). Once raised by the defendant, the plaintiff bears the burden to show qualified immunity does not apply. *Id*. Plaintiff has not even addressed the assertion of qualified immunity by Defendant Rock. Further, given the Court's finding that Plaintiff's allegations fail to support the showing of a plausible Fourth Amendment violation, Plaintiff would be unable to carry his burden of defeating a qualified immunity defense. *See Doe v. Miami Univ.*, 882 F.3d 579, 604 (6th Cir. 2018) ("If either prong is not met, then the government officer is entitled to qualified immunity."); *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009) ("If plaintiff fails to show either that a constitutional right was violated or that the right was clearly established, she will have failed to carry her burden.").

that he was subjected to any uses of force that were objectively unreasonable under the Fourth Amendment or to any type of imprisonment or confinement that was not related to his arrest. *See Graham v. Connor*, 490 U.S. 386 (1989). Accordingly, these claims warrant dismissal.

Because the Court finds that Plaintiff fails to state a plausible claim that his Fourth Amendment rights were violated by Defendant Rock, his claim against Defendant Giles County for municipal liability based upon the stop and arrest is necessarily subject to dismissal. There can be no basis for a municipal liability claim under Section 1983 unless there is an underlying constitutional violation. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001)

**C. Other Federal Claims**

In his amended complaint, Plaintiff makes numerous allegations that other federal constitutional and statutory protections were violated. It is not necessary for the Court to parse through and analyze these allegations because they are either conclusory and unsupported by factual allegations, legally baseless, insubstantial, or borderline incomprehensible. Even when the amended complaint is given a liberal construction, there is no basis upon which to construe the amended complaint as setting out any type of plausible federal constitutional or statutory claims. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

**D. State Law Claims**

Plaintiff refers in his pleadings to various state statutes, but he does not specifically raise claims under state law. Although the Court must construe the complaint liberally because Plaintiff is an unrepresented litigant, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), there are limits to liberal construction and the Court is not required to supply or assume facts that are not pled or to create claims for a party that are not actually pled. *See Brown v. Cracker Barrel Rest.*, 22 F.App'x 577, 578 (6th Cir. 2001) (courts not required to "conjure up unpleaded allegations or guess at the nature of an argument"); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (same); *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998, at *1 (6th Cir. Mar. 14, 2000) (court is not required to create *pro se* plaintiff's claims for him). Accordingly, the Court declines to create for Plaintiff state law claims that are not specifically pled.

Further, to the extent that state law claims are intended to be stated by Plaintiff, the Court would decline to assert pendent jurisdiction over such claims given the dismissal of Plaintiff's federal question claims. Upon the dismissal of Plaintiff's federal claims, the Court no longer has original jurisdiction over Plaintiff's lawsuit and may decline to exercise supplemental jurisdiction over any state laws claims pursuant to 28 U.S.C. § 1367(c)(3). The decision of whether to retain jurisdiction over state law claims upon the dismissal of the federal claims is left to the broad discretion of the Court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-52 (1988); *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). There is a "strong presumption" against the exercise of supplemental jurisdiction once all federal claims have been dismissed, *Packard v. Farmers Inc. Co. of Columbus*, 423 F.Appx. 580, 584 (6th Cir. 2011), and although not mandatory or absolute, the general rule is to decline to exercise

jurisdiction over supplemental state law claims when all federal claims are eliminated from a case before trial. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); *Musson*, 89 F.3d at 1254-55.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion to dismiss (Docket Entry No. 18) filed by Defendants Christian Rock and Giles County, Tennessee be GRANTED and that this case be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

    Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge